UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CHRISTOPHER PETTIT, | ) | CASE NO. 1:06 CV 2788 |
| | ) | |
| Plaintiff, | ) | JUDGE KATHLEEN M. O'MALLEY |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CUYAHOGA COUNTY, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On November 17, 2006, plaintiff pro se Christopher Pettit filed this in forma pauperis action against Cuyahoga County (Sheriff's Department), Judge Michael P. Donnelly, and Attorney Michael Shaughnessy. The complaint alleges that he did not receive proper credit for time he spent in county jail before he received a one year prison sentence. Plaintiff asserts claims for "NEGLIGENCE -LEGAL MALPRACTICE" because his time, under Ohio Revised Code §2967.191, was miscalculated. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a

claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

Principles requiring generous construction of pro se pleadings are not without limits.  Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985).  A complaint must contain either direct or inferential allegations respecting all the material elements of some viable federal legal theory to satisfy notice pleading requirements.  See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988).

The complaint does not suggest diversity of citizenship of the parties, and no legal theory under federal law is set forth in support of plaintiff's claims.  There is thus no basis for this court to assume jurisdiction over this action.

Accordingly, the request to proceed in forma pauperis is granted and this action is dismissed under section 1915(e).  The dismissal is without prejudice to any valid state law claim plaintiff may have under the facts alleged.  Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from

---

[1] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

this decision could not be taken in good faith.

                IT IS SO ORDERED.


                                                     s/ Kathleen M. O'Malley
                                                     KATHLEEN M. O'MALLEY
                                                   UNITED STATES DISTRICT JUDGE
DATED: January 18, 2007